ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CASCADE FUNDING MORTGAGE TRUST HB2 MANUEL CASCADE FUNDING MORTGAGE TRUST HB2 Recurrido v. SONIA LUZ LEBRÓN CRUZ Y OTROS Peticionario | TA2026CE00339 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Caso Número: BY2021CV02989 Sobre: Ejecución de hipoteca: Propiedad residencia |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026.

La señora Sonia Luz Lebrón Cruz (señora Lebrón Cruz o peticionaria) comparece ante esta Curia y solicita la revocación de dos órdenes y una *Resolución*[1] notificadas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 18 de febrero de 2026, respectivamente. En su primera *Orden*, el TPI dejó sin adjudicar una solicitud de nombramiento de un defensor judicial a favor de la peticionaria.[2] En la segunda *Orden*, le impuso una sanción de $500 a la representación legal de la señora Lebrón Cruz.[3] Por otro lado, mediante la referida *Resolución*, declaró no ha lugar a la solicitud de recusación instada en contra de la Jueza Begoña I. De Jesús Meléndez (Jueza De Jesús Meléndez).

Por los fundamentos que a continuación exponemos, se desestima en parte el recurso en cuanto a la imposición de sanciones y denegatoria a la solicitud de recusación a la Jueza De

---

[1] Entrada Núm. 159 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[2] *Íd.*, Entrada Núm. 150.
[3] *Íd.*, Entrada Núm. 151.

Jesús Meléndez, respectivamente. Con relación a la solicitud de nombramiento de un defensor judicial, se expide el auto de *certiorari*, a los únicos efectos de ordenar al TPI atender una segunda solicitud pendiente ante su consideración. Nos explicamos.

## I.

El 2 de agosto de 2021, Reverse Mortgage Solutions, Inc. (Reverse Mortgage) instó la causa de acción de epígrafe, sobre cobro de dinero y ejecución de hipoteca, en contra de la señora Lebrón Cruz, quien -según el expediente- fue emplazada personalmente el 23 de agosto de 2021.[4] Transcurrido el término provisto sin la comparecencia de la peticionaria, Reverse Mortgage solicitó la anotación de rebeldía y en respuesta el foro primario dictó una *Sentencia en rebeldía* el 31 diciembre de 2021.[5]

En su dictamen, el TPI declaró ha lugar la demanda instada y a esos efectos ordenó el pago de $186,524.00 con interés al 5.560% anual por concepto del balance principal del préstamo más costas, gastos y honorarios de abogado, así como intereses acumulados. Además, ordenó la ejecución de la hipoteca, correspondiente. El 22 de febrero de 2022, el foro primario emitió una *Sentencia en rebeldía enmendada*, a los únicos efectos de sustituir a Cascade Funding Mortgage Trust (Cascade o recurrido) por Reverse Mortgage Solutions, Inc.[6]

Transcurridos los términos de rigor, el TPI autorizó la venta del inmueble, sujeto a ejecución en pública subasta, según solicitado por el recurrido. En cumplimiento con nuestras normas procesales, el tribunal notificó una orden de confirmación de la venta judicial el 3 de enero de 2023. Específicamente consignó haber expedido el correspondiente mandato y publicación del edicto. Acreditadas las formalidades y notificaciones requeridas en el

---

[4] *Íd.*, Entrada Núm. 5.
[5] *Íd.*, Entrada Núm. 13.
[6] *Íd.*, Entrada Núm. 16.

trámite judicial, el recurrido solicitó el lanzamiento de los ocupantes de la propiedad subastada y así lo ordenó el foro primario.

Por primera vez, el 3 de agosto de 2023, la peticionaria compareció ante el foro primario y, sin someterse a la jurisdicción del tribunal, solicitó la nulidad de la sentencia y, a su vez, que se dejara sin efecto la orden de lanzamiento. Lo antes, por carecer de jurisdicción sobre su persona debido a los alegados defectos en el emplazamiento, lo cual a su entender fundamenta el relevo de la sentencia.

El foro primario ordenó la celebración de una vista evidenciaria a los fines de dilucidar la jurisdicción del tribunal y pendiente lo anterior, el 11 de diciembre de 2023, la peticionaria instó una *Urgente solicitud de defensor judicial y de remedio*. En esta, suplicó al TPI la posposición de la vista evidenciaria para que en su lugar se celebrara una audiencia para dilucidar una presunta condición física y mental, así como su edad de 77 años, lo cual, justifica el nombramiento de un defensor judicial. Junto a su petitorio incluyó un "Laboratory Report" de octubre de 2023, un "Patient Discharge Instructions de 10 de diciembre de 2023 y un Certificado Médico de 10 al 12 de diciembre de 2023.[7]

Evaluado lo antes, el TPI ordenó la comparecencia de la señora Lebrón Cruz en aras de disponer sobre la necesidad de nombrar un defensor judicial. En su orden, hizo constar que, "de los documentos radicados no se desprende alguna condición de salud mental".[8] No obstante lo anterior, a petición de la señora Lebrón Cruz, se pospuso la vista previamente reseñalada. Entretanto, el foro primario también atendió una solicitud de sentencia sumaria instada por la peticionaria a la cual se opuso el

---

[7] *Íd.*, Entrada Núm. 67.

[8] *Íd.*, Entrada Núm. 68-69. Cabe señalar que los documentos anejados son de fechas correspondientes a diciembre de 2023 que resultan dos años después de la fecha del emplazamiento en disputa en agosto de 2021.

recurrido.[9] Además dicha parte también solicitó el cambio de la naturaleza de la vista evidenciaria, y así lo autorizó el TPI. En su consecuencia, se procedió a celebrar una conferencia de estado de los procedimientos el 26 de febrero de 2024. Al concluir la audiencia, el TPI ordenó el retiro de la solicitud de defensor judicial, ordenó la citación del emplazador y nuevamente fijó la fecha para la vista evidenciaria. Atinente a la causa ante nos resaltamos que, el 5 de marzo de 2024, la señora Lebrón Cruz retiró su solicitud de nombramiento de un defensor judicial.[10]

Superados múltiples asuntos procesales y luego de denegar el petitorio sumario promovido por la peticionaria, el TPI volvió a señalar la vista evidenciaria para dilucidar la solicitud de nulidad y relevo de sentencia por alegadas deficiencias en el emplazamiento.[11] Según revela el expediente, horas antes de proceder con la vista evidenciaria, la señora Lebrón Cruz presentó una *Urgente Solicitud de Remedio*.[12] En el referido escrito, peticionó la celebración de la vista evidenciaria por medio de videoconferencia.

Atendido lo antes, el foro primario dejó sin efecto la vista evidenciaria y ordenó a la peticionaria a mostrar una excusa médica para justificar su incapacidad de comparecer presencialmente a la referida vista. Luego de presentadas varias mociones, sin acreditar la justificación requerida, se sometió la petición para su adjudicación. Después del análisis de rigor, el TPI notificó una *Resolución Interlocutoria* en la cual declaró no ha lugar al petitorio de nulidad de sentencia, según solicitado por la señora Lebrón Cruz.[13]

---

[9] *Íd.*, Entradas Núm. 70 y 77.
[10] *Íd.*, Entrada Núm.78.
[11] Lo antes fue cuestionado ante los foros apelativos sin embargo los recursos discrecionales no prosperaron. Véase KLCE 20240607 de un panel hermano y CC-20240507 del Tribunal Supremo.
[12] *Íd.*, Entrada Núm. 88.
[13] *Íd.*, Entrada Núm. 119.

Tras no prosperar en su intento de reconsideración y aun en desacuerdo, la peticionaria instó un recurso de *certiorari* ante esta Curia bajo el alfanumérico KLCE202500426. En el referido dictamen, un panel hermano revocó la determinación del foro primario y ordenó la celebración de una vista evidenciaria a los fines de dilucidar los planteamientos jurisdiccionales expuestos en la solicitud de relevo y nulidad de sentencia.[14]

Luego de la expedición del correspondiente mandato, el TPI ordenó la continuación de los procedimientos y calendarizó nuevamente la vista evidenciaria, a ser celebrada el 18 de febrero de 2026.

Así las cosas y tras denegar una solicitud de relevo de representación legal,[15] la señora Lebrón Cruz instó otra petición.[16] Respecto al planteamiento jurisdiccional, adujo que el diligenciamiento del emplazamiento fue ineficaz debido a la incapacidad de la peticionaria. Por otro lado, argumentó que su avanzada edad, junto con sus condiciones médicas y cognitivas, generaron su indefensión por lo que le era imperativo el nombramiento de un defensor judicial. En cuanto a la vista, por confligir con asuntos médicos de su representación legal, el licenciado José F. Gierbolini Bonilla (Lcdo. Gierbolini Bonilla), suplicó su posposición para las 2:30pm.

En atención a lo anterior y coetáneo a la vista pautada, el foro primario notificó una *Orden*, mediante la cual expuso como sigue:

> El Tribunal tiene un mandato del Tribunal de Apelaciones que cumplir. Comparezca a atender la vista. Se le concede hasta las 10:00am para presentarse en la Sala 403. Comparezca con la Sra. Sonia Lebrón Cruz. El planteamiento del defensor judicial lo solicitó anteriormente y lo retiró. Esta vista está notificada desde el 19 de diciembre de 2025.[17]

---

[14] *Íd.*, Entrada Nm. 132.

[15] *Íd.*, Entrada Núm. 141 y 145. Cabe señalar que la Peticionaria cuestionó el dictamen interlocutorio en el recurso núm. TA2026CE00175 (Entrada Núm. 146) y mediante *Resolución* emitida el 17 de febrero de 2026 se denegó la expedición del auto de certiorari (Entrada núm. 158).

[16] *Íd.*, Entrada Núm. 149.

[17] Íd., Entrada 150.

Además, consignó los siguiente mediante otra orden notificada en autos:

> Sin haberse excusado, ni comunicado con el tribunal, por segunda ocasión, en el día de hoy, se le concede un turno posterior al Lcdo. Gierbolini hasta las 2:30pm para comparecer con su clienta, según había solicitado en su moción.

> Se le impone una sanción al Lcdo. Gierbolini de $500.00 por incumplir con las órdenes del tribunal y no excusarse con debida justificación ni evidencia médica.[18]

En desacuerdo, la peticionaria instó una *Moción de reconsideración de sanción y solicitud de recusación por apariencia razonable de parcialidad.*[19] Acompañó su petitorio con una certificación médica expedida el 18 de febrero de 2026, mediante la cual el Dr. Moisés O. Ramírez le ordenó reposo al Lcdo. Gierbolini Bonilla. Además, fundamentó que, la acumulación de denegatorias expedidas en contra de la peticionaria, así como la sanción impuesta a su representación legal, quien enfrentaba un tratamiento médico, constituyen circunstancias que cuestionan la imparcialidad judicial. Por lo cual, solicitó dejar sin efecto la sanción económica impuesta y reiteró su súplica para que se ordenara la recusación de la Jueza De Jesús Meléndez.

Cabe destacar que, ante la solicitud de inhibición, el TPI emitió una *Orden* en la que suspendió la vista pautada para las 2:30pm.[20] Acto seguido, el foro primario emitió una *Resolución Interlocutoria,* por voz de la Jueza De Jesús Meléndez, en la que denegó la solicitud de inhibición, según instada por la peticionaria.[21] En cumplimiento con el trámite correspondiente, remitió el asunto a la atención de la Jueza Administradora, quien, a su vez, asignó su adjudicación al Juez Jesús M. Soto Amadeo (Juez Soto Amadeo).

---

[18] Íd., Entrada 151.
[19] *Íd.*, Entrada Núm. 152.
[20] *Íd.*, Entrada Núm. 154.
[21] *Íd.*, Entrada Núm. 153.

Justipreciado lo antes, el 23 de febrero de 2026, el TPI emitió una *Resolución* en la que declaró no ha lugar el petitorio de recusación. Determinó que la peticionaria incumplió con el requisito *sine qua non* de juramentar la solicitud de recusación conforme dispone la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.2.[22]

El 10 de marzo de 2026, la señora Lebrón Cruz solicitó reconsideración a los fines de dejar sin efecto la imposición de sanciones contra el Lcdo. Gierbolini Bonilla. En una comparecencia por separado, instó una nueva *Moción de Reconsideración*.[23] En el referido petitorio anejó una declaración jurada para suplementar su solicitud de recusación de forma juramentada y suplicó su adjudicación en los méritos.

Pendiente lo anterior, el 19 de abril de 2026, la señora Lebrón Cruz acude ante esta Curia y señala lo siguiente:

> Erró y abusó de su discreción el foro de instancia al imponer una sanción al Lcdo. Gierbolini por alegadamente incumplir con unas órdenes del foro de instancia, cuando dicho abogado se excusó con justa causa y por razón de ello, solicitó un turno posterior en la tarde para una vista evidenciaria del 18 de febrero de 2026

> Erró y abusó de su discreción el foro de instancia al denegar la recusación de la honorable jueza que preside el caso de epígrafe, cuando el abogado suscribiente (Lcdo. Gierbolini), trajo a colación razones de peso, sustentadas en el récord de este caso que avalan dicha recusación y dicho abogado presentó posteriormente la declaración jurada que legitima su solicitud de recusación de la honorable jueza que preside este caso.

> Erró y abusó de su discreción el honorable tribunal a quo al rechazar el argumento del defensor judicial para la parte recurrente aduciendo que dicho argumento fue traído y retirado anteriormente, pese a que el tema del defensor judicial remite a un asunto jurisdiccional.

Acreditado el alegato en oposición de Cascade Mortgage, procedemos a resolver, con el beneficio de la comparecencia de ambas partes.

---

[22] *Íd.*, Entrada Núm. 159.
[23] *Íd.*, Entrada Núm. 163.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Allio v. Santiago Chardón,* 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023).

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994, 1004 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. Regla 52.1 de las Reglas de Procedimiento Civil, *supra.* El delimitar la revisión a instancias específicas tiene

como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

## B. La Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, 216 DPR ___ (2025); *Mun. Río Grande v. Adq. Finca et al.,* 2025 TSPR 36, 215 DPR ___ (2025). Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 699 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432, 448 (2024).

Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Es decir, procede la inmediata desestimación del recurso apelativo según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Torres Alvarado v. Madera Atiles,* 202 D.P.R. 495, 501 (2019).

A esos efectos, cuando un tribunal determina que carece de jurisdicción, queda obligado a desestimar la causa de acción, sin discreción para asumir jurisdicción sobre dicho asunto. *Mun. Aguada v. W. Const. y Recovery Finance,* supra, pág. 449.

**C. La moción de reconsideración y su efecto interruptor**

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de apelar o de acudir en revisión judicial. De igual manera, el petitorio de reconsideración viabiliza que, un foro adjudicativo enmiende o corrija los errores cometidos al emitir su dictamen. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

Cónsono con lo anterior, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, lee:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
>
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.

Como vemos, la citada Regla 47 establece que, el término de revisión judicial puede ser interrumpido por una oportuna y

fundamentada solicitud de reconsideración. *Simons y otros v. Leaf Petroleum Corp.,* 209 DPR 216 (2022). Sobre el particular, el Tribunal Supremo ha resuelto que, el efecto interruptor de la moción de reconsideración siempre está sujeto a que se cumplan los requerimientos de la Regla 47. *Div. Empleados Públicos UGT v. CEMPR,* supra. A esos efectos, y citando a *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 8 (2014), nuestro más Alto Foro expresó que, al determinar si un petitorio de reconsideración interrumpe el término para acudir en revisión judicial, el criterio rector es la especificidad. *Simons y otros v. Leaf Petroleum Corp.,* supra. De manera que, si una moción cuestiona razonablemente un dictamen y fundamenta su planteamiento, cumple con la Regla 47. *Íd.*

### III.

En su recurso, la peticionaria señala la comisión de tres (3) errores correspondientes a los respectivos dictámenes impugnados. En su primer señalamiento, aduce que el foro primario abusó de su discreción al imponer en contra de su representación legal una sanción de $500. Pertinente al segundo planteamiento de error arguye que el TPI incidió al denegar la solicitud de recusación contra la Jueza De Jesús Meléndez. Por último, nos solicita que ejerzamos nuestra función discrecional para ordenar al foro primario que atienda la solicitud de asignación de un defensor judicial a favor de la señora Lebrón Cruz.

Por estar intrínsecamente relacionados, discutiremos el primer y segundo señalamiento de error en conjunto.

Tal cual detallamos en el tracto procesal, se colige que el foro primario no adjudicó los petitorios de reconsideración instados por la señora Lebrón Cruz. En particular, la solicitud de reconsideración radicada el 18 de febrero de 2026, en la cual suplica dejar sin efecto la imposición de sanción contra el Lcdo. Gierbolini Bonilla. Así, como el petitorio de reconsideración interpuesto el 10 de marzo de

2026, mediante el cual la peticionaria ruega la adjudicación en los méritos de la solicitud de recusación, según juramentada.

En consideración a lo anterior, y nuestro deber de auscultar nuestra jurisdicción, como un asunto de umbral, colegimos que, hasta tanto el TPI no adjudique los planteamientos expuestos por la peticionaria, los términos para recurrir en revisión judicial ante esta Curia no habrán de comenzar a decursar. *Colón Burgos v. Marrero Rodríguez*, 201 DPR 330 (2018).

De manera que, nuestra intervención en esta etapa, sobre los referidos dictámenes y en atención a las oportunas solicitudes de reconsideración pendientes ante el TPI, resulta prematura, lo cual nos priva de jurisdicción. Ciertamente, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. Lo anterior, por cuanto su presentación carece de eficacia y no produce efecto jurídico alguno, ya que en ese momento todavía no ha nacido autoridad judicial para acogerlo. *Torres Alvarado v. Madera Atiles*, supra, pág. 501.

En su consecuencia, desestimamos en parte el auto de *certiorari* según corresponde a lo señalado en el primer y segundo planteamiento de error, por carecer de jurisdicción.

Con relación al tercer señalamiento de error, colegimos que el TPI incidió en su proceder. Por ello, ordenamos la expedición del auto de *certiorari* y revocación de la orden recurrida. Nos explicamos.

De un detenido examen del expediente ante nuestra consideración, surge que, el 11 de diciembre de 2023, la peticionaria instó, por primera vez, un petitorio para procurar el nombramiento de un defensor judicial en este caso. Superados múltiples asuntos procesales, el 5 de marzo de 2024, retiró la referida solicitud. Subsiguientemente, el 17 de febrero de 2026, la señora Lebrón Cruz incoó una segunda petición sobre el nombramiento de un defensor judicial. Respecto a lo anterior, el foro primario emitió una *Orden* en

la que determinó lo siguiente: "[...] [e]l planteamiento del defensor judicial lo solicitó anteriormente y lo retiró".

Resulta evidente que, la primera solicitud que procura el nombramiento de un defensor judicial fue retirada el 5 de marzo de 2024. Sin embargo, un estudio detenido del expediente refleja que la peticionaria instó una segunda solicitud el 17 de febrero de 2026. Precisamente, no consta en autos una adjudicación de forma fehaciente sobre los méritos del segundo petitorio instado. Dicho proceder resulta erróneo. Tampoco se desprende fundamento alguno que justifique que el foro primario suprima su facultad judicial adjudicativa sobre la segunda petición, por entender que se retiró la primera solicitud. Colegimos que -en esta etapa de los procesos- le corresponde al foro primario ejercer su facultad de adjudicación conforme a derecho.

En virtud de lo anterior, expedimos el auto de *certiorari* y revocamos en parte el dictamen recurrido, a los únicos fines de ordenar al TPI evaluar, dentro de su sana discreción, los méritos de la segunda petición sobre el nombramiento de un defensor judicial. Ciertamente, lo antes no prejuzga cualquier asunto ulterior y/o determinación pendiente ante la atención del foro primario.

**IV.**

Por las razones que anteceden y ante la falta de jurisdicción, desestimamos en parte el auto de *certiorari* presentado en cuanto a la imposición de sanciones contra el Lcdo. Gierbolini Bonilla y la solicitud de recusación contra la Jueza De Jesús Meléndez, respectivamente, por resultar prematuros. Por otro lado, expedimos el auto de *certiorari* y revocamos en parte el dictamen recurrido, a los fines de ordenar al foro primario adjudicar la solicitud de nombramiento de defensor judicial pendiente ante su consideración. Por último, tomando en consideración el extenso tiempo transcurrido post sentencia, devolvemos el asunto al foro primario

para que cumpla conforme a lo aquí resuelto sin necesidad de la expedición del correspondiente mandato.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones